Shaw *v.* Randall.

---

## SHAW *v.* RANDALL.

*Elliott* v. *Chapman* (*ante*) affirmed.

*Rabe* v. *Hamilton* (*infra*) commented on.

New York cases commented on and shown not to be in point as to the necessity of filing the undertaking on appeal within five days after notice filed, because the New York Code fixes no time within which the undertaking must be filed.

Provisions in a statute in regard to the time within which an act is required to be done, are generally to be construed as directory, but such a construction is improper where a consequence is attached to a failure to comply with the statute.

APPEAL from the Twelfth District.

Motion to dismiss appeal on the ground that the undertaking on appeal was not filed within five days after notice of appeal filed. The judgment appealed from was rendered October 28th, 1858, and the

undertaking filed February 1st, 1860, the transcript being filed in the Supreme Court February 2d, 1860—the delay in filing the transcript being accounted for.

Plaintiff—appellant—filed his affidavit that the only reason why the undertaking was not filed sooner, was that he always supposed he had filed it within the time required by the statute, and was not aware of his failure so to do, until informed by the Clerk on the first of February, 1860, when he called for the transcript on appeal, that there was no undertaking on file; that he at once filed the undertaking, had always prosecuted the appeal in good faith, and had been thrown off his guard, from the fact that both plaintiff, himself, and defendants were lawyers, and had been conducting the case on liberal principles. Deponent offered to submit to such terms as the Court might impose, upon permitting the undertaking to be filed *nunc pro tunc*. There was also an affidavit of merits in the appeal by counsel of appellant.

*Shafters, Park & Heydenfeldt*, for the motion. No brief on file.

*Edmund Randolph, contra.*

An appeal, under our system, is made by filing notice with the Clerk, and serving a copy on the opposite party. (Pr. Act, sec. 337.) The appeal being made, the next thing is to use it, and this is done by furnishing an undertaking. (Secs. 348-52.) An undertaking is nothing but bail in error, not known to the common law, given by statute. (Tidd's Practice, 1149.) Writs of error were in use for ages, without bail. So on appeals in chancery. The rules of the Lords prescribe in what time after the appeal a bond must be given, or the appeal will be dismissed. (3 Daniell's Ch. Pr. 1638.) "The end of bail is to satisfy the condemnation and costs." (Jacob's Law Dic.) Not to obtain a writ, but to abide the judgment.

Such being the nature of the undertaking in its original, it follows it in all its applications, unless a statute makes some express provision. Our statute places undertakings on the same footing with bail in error. In some States the bond is required before the writ of error issues, (Morehead & Brown's Ky. Dig. 135) in others, not. (See *Rabe* v. *Hamilton*, January term, 1860, and cases cited; *Wilson* v. *Allen*, 3 How. P. R. 369; *Langley* v. *Warner*, Id. 363, where the Court declined to say whether a new undertaking might not be filed because there were no special circumstances; *Newland* v. *Willetts*, 3 Barb. 20; *Mills* v.

*Thursley,* 11 How. P. R. 131; 4 Texas, 148; 16 Serg. & R. 349; 5 Paige, 532; 1 Barb. Ch. Pr. 403; 8 Paige, 197.) The meaning of the provision requiring the undertaking to be filed in five days after notice of appeal, is that it shall serve as a statutory notice to respondent, that he may except if he thinks proper.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

A motion is made in this case to dismiss the appeal, upon the ground that no undertaking was filed within five days after the notice. A similar motion was made in *Elliott* v. *Chapman, (ante)* and we held that sec. 348 of the Practice Act, which requires an undertaking to be filed, or a deposit made within five days after the filing of the notice, is mandatory and imperative, and that a compliance with its provisions is necessary to give effect to the appeal. The able and ingenious argument of appellant's counsel has failed to convince us that this section is susceptible of any other construction. The case of *Rabe* v. *Hamilton,* decided at the January term, is not in point. The sixteenth section of of the Act concerning Forcible Entries and Detainers merely provides that the party aggrieved may appeal within ten days, and that a bond shall be given containing certain conditions. No time is fixed within which the bond is to be filed, and no consequence is attached to a failure to file it. We held that the objection in that case did not go to the jurisdiction, but was addressed to the discretion of the Court, and that the failure to execute the bond did not necessarily defeat the appeal. The case at bar is essentially different. The undertaking is required to be filed within five days after the notice, and the evident meaning is that it must be so filed to render the appeal effectual for any purpose. Such is our understanding of the sense of the statute. In respect to the cases cited from New York, it is sufficient to say that the code of that State fixes no time within which the undertaking must be filed. In *Wilson* v. *Allen* (3 How. Pr. R. 369) the undertaking was defective, and the question was whether the Court had the power to allow an amendment. Harris, J. in delivering the opinion of the Court, said: "I am inclined to think, after a careful examination, that such an amendment as is necessary in this case, in order to conform the undertaking to the requirements of the statute, may be allowed under the general power given to the Court by the one hundred and forty-ninth section of the code." In *Langley* v. *Warner* (Id. 383) the Court of

Appeals refused to permit an amendment where the undertaking failed to provide for the payment of costs, and the decision was placed directly upon the ground of a want of power in the Court. In the present case there is no question as to the power of the Court to allow an amendment. No undertaking was filed within the time limited by the statute, and the consequence is that there is nothing to amend. It is not the case of a defective undertaking, but of no undertaking at all. In construing the statute we must look to the language used, and endeavor, if possible, to ascertain the intention of the Legislature. That provisions in regard to time are generally to be construed as directory, is not disputed, but such a construction is improper where a consequence is attached to a failure to comply. In such a case, the consequence can be avoided only by a compliance with the statute.

It follows that the motion must be granted and the appeal dismissed. Ordered accordingly.