TERRITORY, appellant, *v.* FLOWERS, respondent.

APPEAL BY TERRITORY IN CRIMINAL CASE. A demurrer to the indictment in this action was sustained on the ground that the court did not have jurisdiction of the offense, and the Territory appealed. The three hundred and ninety-fifth section of the Criminal Practice Act provides that the Territory can appeal when judgment is rendered for the defendant in quashing or setting aside an indictment. *Held*, that this appeal has been properly taken by the Territory.

STATUTORY CONSTRUCTION — *time for appealing and filing transcript in criminal case.* The notice of appeal was filed and served October 10, 1874, and the transcript was filed in this court December 28, 1874. The three hundred and ninety-sixth section of the Criminal Practice Act provides that

" the transcript must be filed within thirty days after the appeal is taken."
*Held*, that this statute is directory, and that the delay of the Territory in
filing the transcript does not authorize this court to dismiss this appeal.

*Appeal from First District, Jefferson County.*

JOHNSTON & TOOLE, for the motion to dismiss the appeal.

J. G. SPRATT, District Attorney, First District, contra.

BLAKE, J. This case is before us upon the motion of the re-
spondents to dismiss the appeal because the same cannot be, and
has not been, taken under the laws of the Territory. The grand
jury of Jefferson county presented an indictment in open court
October 7, 1874, charging the respondents with the commission
of the crime of assault and battery. A demurrer to the indict-
ment on the ground that the court did not have jurisdiction of
the offense was sustained, and judgment was entered that the re-
spondents be discharged. We are of the opinion that this appeal
has been properly taken under the Criminal Practice Act, which
allows the Territory to appeal when judgment is rendered for the
defendant in quashing or setting aside an indictment. Cr. Pr.
Act, § 395.

The notice of appeal was filed and served October 10, 1874,
and the transcript was filed in this court December 28, 1874. The
law provides that " the appeal must be taken within six months
after the judgment is rendered, and the transcript must be filed
within thirty days after the appeal is taken." Cr. Pr. Act, § 396.
The transcript was not filed within the time specified in this sec-
tion, and the respondents insist that the statute is mandatory.
We think that the courts recognize a distinction in this matter.
The appeal must be taken within six months after the judgment
is rendered, but the language relating to the filing of the tran-
script is directory. No penalty is attached to a failure upon the
part of the appellant to file the transcript within the period fixed
by law. The rights of the respondents have not been impaired
by the delay complained of. In *Wood* v. *Fobes*, 5 Cal. 62, Mr.
Justice BRYAN says: " This court has always held that statutes
fixing the time for filing papers in a cause are merely directory."

The same view is supported by the following authorities. Sedgwick's Stat. Law, 368, 372; *Shaw* v. *Randall*, 15 Cal. 384; *People* v. *Lake County*, 33 id. 487; *McQuillan* v. *Donahue*, 49 id. 157; *State* v. *Baker*, 8 Nev. 141.

This is the first case in which this court has passed upon this question, but the subject has been referred to in other causes in which the decisions were based upon different grounds. *Territory* v. *Fallis*, *ante*, 236; *United States* v. *McElroy*, *ante*, 237.

*The motion is overruled.*