TERRITORY OF MONTANA, respondent, *v.* JOSEPH W. HANNA, appellant.

PRACTICE — *Appeal — Notice of appeal — Service upon clerk.* — An appeal can only be taken from the district court to the supreme court by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment.

SAME — *Notice — Service upon prosecuting attorney.* — In a criminal case, if an appeal is taken by a defendant, a notice similar to that which is required to be served upon the clerk must be served upon the prosecuting attorney as well.

SAME — *Insufficient service.* — A notice served upon the prosecuting attorney, and filed with the clerk, is not sufficient to enable the appellate court to entertain the appeal.

SAME — *Filing of transcript — Time of such filing — Directory.* — If an appeal is taken by a substantial compliance with the statute, and thereby the lower court has lost and the supreme court acquired jurisdiction of the case, the matter as to the time when the transcript should be filed is directory and not mandatory. *Territory* v. *Flowers,* 2 Mont. 392.

*Motion to Dismiss an Appeal. Third District, Meagher County.*

I. D. McCUTCHEON, for appellant.

J. A. JOHNSTON, Attorney-General, for respondent.

WADE, C. J.   The plaintiff moves the court to dismiss the appeal herein for the reason that no notice of appeal was served upon the clerk as the statute requires, and that the transcript was not filed within the time provided by law.   Our statute provides that an appeal in a criminal case is taken by the service of a notice upon the clerk of the court where the judgment was entered, stat-

ing that the appellant appeals from the judgment. If taken by the defendant a similar notice must be served upon the attorney prosecuting. Appeals are matters of statutory regulation. There must be a substantial compliance with the statute in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court. *Courtright* v. *Berkins*, 2 Mont. 404.

An appeal can only be taken from the district court to the supreme court by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. Unless the notice is served there is no appeal. A notice directed to the attorney prosecuting, and served upon him and filed with the clerk, is not the service of notice upon the clerk. The clerk is not presumed to know the contents of papers filed with him, addressed to other persons, and of which he is simply the custodian. The times at which, and the successive order in which, the several steps are to be pursued to take and perfect an appeal, are distinctly prescribed by statute, and must be observed; otherwise, the appeal must fail. *Aram* v. *Shallenberger*, 42 Cal. 275.

It follows, therefore, that the failure of the appellant to serve a notice of appeal upon the clerk of the court where the judgment was rendered is fatal to the appeal, and the appellate court, in the absence of such notice and service, acquires no jurisdiction of the case. As to the time when the transcript should be filed, if the appeal has been properly taken by a substantial compliance with the statute, and the lower court has thereby lost jurisdiction of the case, and the appellate court has acquired jurisdiction as in such case it would, then the matter as to the time when the transcript should be filed is directory and not mandatory. And the case of *Territory* v. *Flowers*, 2 Mont. 392, is affirmed. The appeal is dismissed.

(All the judges concur.)