### PECK v. PHILLIPS.

1. NOTICE OF APPEAL—SERVICE ON CLERK—FILING NOT SERVICE.
     The filing of a notice of appeal in the office of the clerk of the district court, is not such a service of the notice on the clerk as is contemplated by Sec. 407, Code of Civil Procedure. Such service must be by copy of the notice. Appeal dismissed.

2. APPEAL BOND—SIGNED BY PRACTICING ATTORNEY.
     Whether an appeal bond signed by practicing attorney is valid.
 Query.

Filed May 12, 1887.

*Winsor & Swezey,* for defendant and appellant.

*D. R. Bailey* and *T. B. McMartin*, for respondent.

Motion to dismiss appeal.

PALMER, J.   This was a motion made in this court to dismiss the appellant's appeal.

Two grounds were assigned as the basis for the motion.

First. Because no service of the notice of appeal was made upon the clerk of the district court as required by law.

Second. Because no sufficient undertaking on appeal had been executed by appellant.

The judgment was entered on the 27th day of February, 1886; on the 6th day of March, notice of appeal was duly served by copy on the attorney for respondent and on the same day the original notice was filed (as any other paper in the case would be) in the office of the clerk of the district court. And it is insisted that this was not such a service upon the clerk of the court as is contemplated by Section 407 of the Code of Civil Procedure, which is as follows:

"An appeal must be made first by the service of a notice in writing on the adverse party of his attorney, and on the clerk with whom the judgment or order appealed from is entered, etc., and the question is, was the filing of the notice of appeal in the office of the clerk of the court with the other papers in the case a sufficient service upon the clerk, within the meaning of that statute? We think not. What purpose or object the law-makers were seeking to accomplish by requiring a copy to be served upon the clerk that would not be attained by filing the original notice with him, we may not stop to discuss.  •

The important consideration is, to establish and settle the practice which has been far from uniform in all the courts of the territory.

Sections 514, 515, 516, of the Code of Civil Procedure, prescribe the mode for the service of notice in civil actions, and the method there prescribed was adopted by the appellant in this case in his service upon the attorney, viz.: Service of a copy with proof of service by affidavit of the person serving. This is the usual manner of service under our code, and where the service is personal it should be so made, unless the adverse

party accepts service, as he may do, and avoid the necessity of the proof.

In view of all the sections of the code above referred to, we see no reason for saying that any different manner of service is contemplated for the clerk of the court than for a party or attorney. No proof of any service known to our practice appears to have been made upon the clerk of the district court and the appeal must be dismissed.

The second objection relates to the undertaking. Sec. 414 Civil Code of Procedure, provides as follows:

"To render an appeal effectual, for any purpose, a written undertaking must be executed on the part of the appellant by at least two sureties," etc.

Sec. 8 of Chapter 18 of the Political Code of Dakota, is as follows:

"No practicing attorney and counsellor shall be a surety in any suit or proceeding which may be instituted in any of the courts of this territory."

It appeared by the affidavit of T. B. McMartin, in support of his motion to dismiss, that not only the principal, but both of the sureties upon the bond were attorneys regularly admitted to practice in the courts of the territory, and one of them, T. H. Fairfax, was in reguar practice at the same bar with affiant, and for this reason it is insisted no sufficient undertaking had been executed, and the appeal was thereby irregular and of no effect and subject to dismissal on motion, without attempting to decide upon the legal effect of such a bond when accepted by the clerk of the court, either as regards the legal liability of such sureties or the sufficiency of such an undertaking for the purpose of effecting an appeal. Yet we are disposed to consider it far enough to condemn the practice as irregular and vicious and in violation of the clear spirit of the law, and the clerks of the district courts would at least be justified, and I think it their duty to refuse to accept such an undertaking when offered for the purpose indicated in this case.

For the reasons first stated, the appeal must be dismissed. All the justices concurred.