## DONNELLY v. CEDAR COUNTY.

1. **Appeal:** FROM RULINGS ON EVIDENCE: NO PREJUDICE SHOWN. In an action for injuries on account of a defective bridge, there was judgment for the defendant, and plaintiff appeals, and assigns errors only upon rulings on evidence. But there is nothing in the abstract showing that he introduced or offered any evidence of damages sustained by him. *Held* that the errors complained of must, in the absence of such evidence, be regarded as without prejudice.

2. ——: JURISDICTION: NO SHOWING OF APPEAL TAKEN. This court has no jurisdiction of a cause in which the abstract fails to show that an appeal has been taken or attempted.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

FILED, OCTOBER 18, 1888.

ACTION to recover for damages alleged to have been caused by the failure of defendant to rebuild a bridge which had been washed away, and to guard the approaches thereto. There was a trial to a jury, and verdict and judgment for defendant. Plaintiff appeals.

*J. N. Neiman* and *Wm. P. Wolf*, for appellant.

*E. I. McCoy* and *W. N. Treichler*, for appellee.

ROBINSON, J.—Plaintiff has filed in this court an abstract in which he is styled "appellant." This shows that he seeks to recover for injuries to himself, to a horse, harness and buggy. The defendant has filed an additional abstract, which is not denied, which shows that its answer denied plaintiff's allegations of damage

and indebtedness. Evidence is set out in both abstracts, but neither shows that any evidence was introduced or offered which tended to show that plaintiff had in fact sustained damage of any kind. The errors assigned relate exclusively to rulings of the court on the introduction of evidence as to the character of the bridge in question. Therefore it does not appear that any prejudice could have resulted from the alleged errors, nor that any ground exists for reversing the judgment. But neither abstract shows that an appeal has been taken or attempted; hence it is not made to appear that this court has jurisdiction of the cause. *Talbort v. Noble*, *ante*, p. 167; *Plummer v. People's Nat. Bank*, 74 Iowa, 731; *Phillips v. Follet*, 69 Iowa, 39. The cause is therefore

DISMISSED.