McMANUS v. SWIFT *et al.*

**Appeal:** NO NOTICE ON CLERK BELOW : DISMISSAL. There being noth-
ing in the record of this case, as presented to this court, to show
that notice of the appeal has been served on the clerk of the dis-
trict court from which it comes, as required by section 3178 of the
Code, this court has no jurisdiction except to dismiss the cause ;
and this it must do, although the question is not raised by counsel.

*Appeal from Madison District Court.*—HON. A. W.
WILKINSON, Judge.

FILED, JANUARY 21, 1889.

*V. Wainwright,* for appellant.

*T. C. Gilpin* and *John Leonard & Son,* for appellees.

REED, C. J.—This cause was submitted on an
abstract which shows that a judgment was rendered in
favor of plaintiff in the district court. It does not
show, however, that an appeal has been taken to this
court, and no transcript of the record was filed. The
recital in the abstract is that "defendant Ed. Swift filed
notice and acceptance by plaintiff's attorney of appeal
to October term, 1888, of supreme court, on May 2,
1888." There is no recital of the service of the notice
on the clerk. Under the statute (Code, sec. 3178), ser-
vices on the clerk is essential, and an appeal cannot be
taken without it. The question was not made by coun-
sel, but it is jurisdictional, and we cannot consider a
cause, unless it is shown by the record that we have
jurisdiction, even though no question as to óur juris-
diction is made by counsel. In the condition in which
the case appears to be, the only disposition we can
make of it is to dismiss it, and that order will be made.

DISMISSED.