## STATE, RESPONDENT, *v.* GIBBS, APPELLANT.

CRIMINAL PRACTICE—*Appeal—Jurisdiction.*—A notice of appeal in a criminal case served upon the county attorney, which recites that the appeal is taken from the "verdict" instead of the "judgment," is a nullity, and confers no jurisdiction upon the appellate court. (*Territory* v. *Hanna*, 5 Mont. 246; *Territory* v. *Harris*, 7 Mont. 429, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

Conviction for perjury. The defendant was tried before BENTON, J.

Statement of facts, prepared by the judge delivering the opinion.

At the May term, 1890, of the Eighth Judicial District Court in and for Cascade County, the defendant was convicted of the crime of perjury. He comes to this court with an appeal, evidenced by the following papers, which are found in the transcript: —

"To William M. Cockrill, clerk of the court in and for the county aforesaid: You are hereby notified that the defendant appeals to the Supreme Court of the State of Montana from the verdict and judgment rendered against him upon the indictment for perjury, May term, 1890, in the District Court of Cascade County."

"I accept service of this notice, June 27, 1890.
                              "W. M. COCKRILL,
      "Clerk District Court, Cascade County, Montana."

Also: "To Douglas Martin, county attorney in and for county and State aforesaid: You are hereby notified that the defendant appeals to the Supreme Court of the State of Montana from the verdict rendered against him upon the indictment for perjury, May term, 1890, of the District Court of Cascade County."

"Service of above notice hereby acknowledged this twenty-seventh day of June, 1890.          DOUGLAS MARTIN,
                                        "County Attorney."

The statute of this State in reference to criminal appeals is section 398, page 477 of the Compiled Laws, as follows: "An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the attorney prosecuting." The State now moves that the appeal be dismissed.

*Hoffman & Donovan,* for Appellant.

*Henri J. Haskell,* Attorney-General, for the State, Respondent.

DE WITT, J.—"Appeals are matters of statutory regulation. There must be a substantial compliance with the statute in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court." (*Territory* v. *Hanna,* 5 Mont. 246.) The defendant in the case at bar served his notice of appeal upon the clerk of the court. He served upon the attorney prosecuting a notice of appeal from the verdict, nothing more. An appeal from a verdict is unknown in the criminal law of this State, and such notice of appeal is a nullity. There does not appear any appeal, or notice thereof to the attorney prosecuting, from the judgment, or any appealable order. We refer to *Territory* v. *Hanna, supra,* and *Territory* v. *Harris,* 7 Mont. 384, 429. The appeal is dismissed, but without prejudice to the taking of another appeal.

BLAKE, C. J., and HARWOOD, J., concur.

