VALLEY CITY LAND & IRRIGATION CO. v. SCHONE *et al.*

1.  The statute (Section 5215, Comp. Laws) prescribes the way by which a
     case may be transferred for review from the trial court to this court,
     and the jurisdiction of this court depends upon compliance with its
     provisions.
2.  It is just as essential that the notice of appeal be served upon the clerk
     as upon the adverse party, and filing such notice in the clerk's office
     does not constitute such service upon the clerk.
3.  The appellate jurisdiction of this court will not be presumed, but must
     affirmatively appear from the record.
4.  The printed abstract prepared and served by appellants, and consented
     to by respondent, is the record upon which a case is heard in this court,
     and such abstract must affirmatively show the jurisdiction of this
     court, or the appeal will be dismissed.

(Syllabus by the Court.   Opinion filed November 24, 1891.)

Appeal from circuit court, Grant county.   Hon, J. O. AN-
DREWS, Judge.

Motion to dismiss appeal allowed.

*Glass & Van Buskirk* and *A. M. Werden* for appellants.

*John L. Pyle* for respondent.

KELLAM, P. J.   Respondent moves to dismiss the appeal
upon two grounds, the first of which only will be noticed.   The
motion in respect to the ground to be considered is based upon
the original records and papers sent up from the trial court,—
more particularly upon the notice of appeal and the proof of
service thereof, and upon appellants' printed abstract,—and
is urged upon the ground that neither the original record and
the papers, nor the printed abstract show that the notice of ap-
peal was served upon "the adverse party and upon the clerk of
the court in which the judgment or order appealed from is en-
tered."   The original papers,—and we examined them because

by the notice they and the printed abstract are the papers upon which the motion to dismiss is to be heard—show that the notice of appeal was served on respondent's attorneys, but they do not show that it was served on the clerk of the court. It only appears that it was filed in his office. Section 5215, Comp. Laws, prescribes the manner in which and means by which a case may be transferred for review from the trial court to this court, and the jurisdiction of this court depends upon compliance with its provisions. It was just as essential that the notice of appeal be served on the clerk as on respondent, and simply filing the notice in the clerk's office did not constitute such service upon him. Peck v. Phillips, (Dak.) 34 N. W. Rep. 65. Compliance with the provisions of the statute and consequent jurisdiction will not be presumed, but must affirmatively appear from the record. Moore v. Vanderburg, 90 N. C. 10; Plummer v. Bank, (Iowa) 33 N. W. Rep. 150; Redhead v. Baker, 80 Iowa, 162, 45 N. W. Rep. 733; State v. Brooks, (Iowa) 50 N. W. Rep. 43. The record, therefore, not giving us jurisdiction, we cannot assume it. But we think respondent would be entitled to a dismissal of this appeal upon the abstract alone. The abstract prepared and served by appellants, and consented to by respondent, is the record upon which a case is heard in this court. Noyes v. Lane, (S. D.) 48 N. W. Rep. 322. The abstract in this case contains no suggestion or intimation that an appeal was ever taken or attempted to be taken. Quoting the language of ADAMS, C. J., in Plummer v. Bank, *supra*, we say: "This court cannot take jurisdiction of a case, unless our jurisdiction appears affirmatively from the record. * * * If the abstract does not show that we have jurisdiction, we can do nothing but dismiss the case." The appeal is therefore dismissed. All the judges concurring.