THE STATE OF IOWA, *ex rel.* P. FARRELL, County
Attorney, *et al.*, Appellants, v. CHRISTIAN
CLOSSNER, Appellee.

Appeal: SERVICE OF NOTICE: RECORD: JURISDICTION: PRACTICE IN SUPREME COURT. Service of notice of an appeal to the supreme court upon the clerk of the district court is necessary to give the supreme court jurisdiction of the cause, and, in the absence of an affirmative showing of such service in the record, a case will be dismissed by the supreme court, notwithstanding an appearance of the parties to the merits without objection to the omission as to such service.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, JANUARY 29, 1892.

ACTION to test the right of the defendant to hold the office of school director. There was a trial on the merits, and a judgment in favor of the defendant. *Dismissed.*

*Davis, Gantt & Keatley,* for appellants.

*Joy, Hudson, Call & Joy,* for appellee.

ROBINSON, C. J.—The only statement contained in the abstract in regard to an appeal is as follows: "July, 1890, notice of an appeal to the supreme court was served upon Messrs. Joy, Hudson, Call & Joy, attorneys of record for defendant." In order to take an appeal the notice required by statute must be served on the clerk of the court wherein the proceedings were had. Code, sec. 3178. It is necessary that the abstract show affirmatively that an appeal has been taken. *Gleason v. Collett,* 77 Iowa, 448; *Schooley v. Ins. Co.,* 76 Iowa, 78; *Donnelly v. Cedar Co.,* 75 Iowa, 536. It is also necessary that the abstract show service of notice on the clerk as well as on the adverse party or his attorneys. *Redhead v. Baker,* 80 Iowa, 163; *Hayden v. Goeppinger,* 78 Iowa, 753; *McManus v. Swift,* 76 Iowa, 576; *Independent Dist. v. Apperle,* 76 Iowa, 238. The taking of an appeal is jurisdictional, and is not waived by the appearance of the parties to the merits of the case without objection for the failure to take an appeal. When jurisdiction is not shown, we are required to dismiss the case. *Talbort v. Noble,* 75 Iowa, 169; *Plummer v. Bank,* 74 Iowa, 731; *Phillips v. Follet,* 69 Iowa, 39.

We dispose of cases otherwise than on their merits with reluctance, but in this case there is no alternative. DISMISSED.