## PIERRE SAVINGS BANK V. ELLIS *et al.*

1. Delivery to the clerk of the court of the original notice of appeal, with direction to file the same, is not a service on the clerk of notice of such appeal, as required by Comp. Laws, § 5215.

2. Service of notice of appeal, as required by Comp. Laws, § 5215, on the clerk of the court, is essential to an appeal.

(Opinion filed Oct. 10, 1896.)

Appeal from circuit court, Potter county. Hon. LORING E. GAFFY, Judge.

Action on promissory notes, Plaintiff had judgment, and defendants appeal. Appeal dismissed.

The facts are stated in the opinion.

*Albert Gunderson* and *A. L. Ellis*, for appellants.

*Horner & Stewart* and *F. B. Patterson*, for respondent.

There having been no service of notice of the appeal upon the clerk, the appeal should be dismissed. Valley, etc., Co. v. Schone, 2 S. D. 344; Peck v. Phillips, 4 Dak. 430; 34 N. W. 65; Redhead *et al.*, v. Baker, 80 Ia. 162; Ind. Dist. of Sheldon v. Apperle, 76 Ia. 238; Sanxy v. Glass Co., 68 Ia. 542; State v. Rogers, 71 Ia. 753; Fitzgerald v. Kelso, Id. 731; Smith v. Des Moines, 51 N. W. 253; State v. Clossner, Id. 16; Carr v. Kansas, 1 Kan. 331; Eureka v. Stateman, 67 Wis. 118; Stevens v. Wheeler, 43 Wis. 91; Territory v. Hanna, 5 Mont. 246.

FULLER, J. Upon the ground that the notice of appeal was never served on the clerk of the court in which the judg

ment appealed from was entered, respondent moves to dismiss this appeal. From the record it appears that the original notice of appeal was delivered by one of appellant's attorneys to the clerk with the direction that the same be filed, and, although the affidavits offered in resistance of the motion to dismiss recite ''that such service was made by delivering to and leaving with said clerk of court said notice of appeal in writing,'' no service was had upon, or admission thereof obtained from, the clerk; and the acts relied upon by counsel, as constituting service upon the clerk, amount simply to filing the notice in his office, and are wholly insufficient to justify a conclusion that the notice of appeal was served upon the clerk as required by statute, or in any manner. The requirement of Sec. 5215 of the Compiled Laws that ''an appeal must be taken by serving a notice in writing * * * on the adverse party, and on the clerk of the court'' is mandatory, and, in the absence of such service, this court is without jurisdiction of the cause. Irrigation Co. v. Schone, 2 S. D. 344, 50 N. W. 356. For the reason that no appeal has been taken, the proceedings in this court must be dismissed. It is so ordered.