Argued 28 December, 1899; decided 8 January, 1900.

### STATE *v.* HORNER.

[59 Pac. 549.]

DISMISSING APPEAL—SERVICE OF NOTICE.— Under Hill's Ann. Laws, §§ 1433, 1434, requiring that notice of appeal in criminal cases be served on the clerk of the court, and, where the appeal is taken by defendant, on the district attorney, an appeal by a defendant will be dismissed where notice was served only on the district attorney.

From Lane :  J. W. HAMILTON, Judge.

E. D. Horner was convicted of uttering and publishing a forged instrument, and appeals.   The state asks a dismissal.                                               DISMISSED.

*Mr. D. R. N. Blackburn*, Attorney-General, for the motion.

*Mr. John C. Leasure, contra.*

PER CURIAM.  The notice of appeal in this case is directed to and was served upon the district attorney, but not upon the clerk of the court where the judgment roll is filed.  For this reason the attorney-general moves to dismiss the appeal, and the motion must be allowed. The criminal statute provides (Section 1433, Hill's Ann. Laws), that "An appeal must be taken by the service of notice, in writing, on the clerk of the court where the judgment roll is filed, stating substantially that the appellant appeals from the judgment;" and, Hill's Ann. Laws, § 1434, "If the appeal be taken by the defendant, a similar notice must be served on the district attorney for the county in which the judgment roll is filed."  Appeals are matters of purely statutory regulation, and there must be a substantial compliance with the statute in order to confer jurisdiction upon this court.  For a failure to serve the notice upon the clerk, as required, the appeal must be dismissed :  *Territory* v. *Hanna*, 5 Mont. 246 (5 Pac. 250); *State* v. *Gibbs*, 10 Mont. 210 (25 Pac. 288).  It is so ordered.  ·  DISMISSED.

---

Argued 16 October; decided 30 October, 1899; rehearing denied.