[No. 13226.   In Bank. — April 30, 1889.]

## PACIFIC COAST RAILWAY COMPANY, PETITIONER, v. SUPERIOR COURT OF SAN LUIS OBISPO COUNTY, RESPONDENT.

APPEAL FROM JUSTICE'S COURT — NOTICE MAY BE SERVED ON RESPONDENT PERSONALLY — MANAGER OF CORPORATION. — A notice of appeal from a justice's court may be served on the adverse party personally, notwithstanding he was represented in the justice's court by an attorney. And where the adverse party is a corporation, a service on its manager is sufficient to give the superior court jurisdiction.

APPLICATION for a writ of *certiorari*. The facts are stated in the opinion of the court.

*E. P. Cole*, for Petitioner.

BEATTY, C. J.— Application for writ of *certiorari*. The only question presented by the petition herein is,

whether the superior court had jurisdiction on appeal from a justice's court to hear and determine a case in which petitioner was defendant and respondent. And this depends upon the question whether in that case the notice of appeal was served on the petitioner.

The petitioner is a corporation, and in the action referred to was represented in the justice's court by an attorney at law, a resident of the county seat of San Luis Obispo, but the plaintiffs, instead of serving their notice of appeal on said attorney, served it on the *manager* of petitioner.

The statute provides (Code Civ. Proc., sec. 940), in case of appeals to this court, that the notice of appeal shall be served by the party appealing on the *adverse party or his attorney.*

In case of appeals from justices' courts to the superior court, it is provided (Code Civ. Proc., sec. 974) that the notice of appeal shall be served on the *adverse party,* no mention being made of an attorney.

It might be contended, on a very strict construction of the law, that service on an attorney would not give jurisdiction, and it may be that in this case the plaintiffs served their notice on the party rather than on the attorney, in order to be on the safe side. Certainly, we think a safe course was pursued. Service on the adverse party is unquestionably sufficient in any case, and there can be no doubt that the superior court had jurisdiction of the appeal here, unless it should be argued that in case of a corporation there can be no service except upon its attorney.

But the statute providing for service of summons upon corporations allows the service to be made on the "president or other head of the corporation, secretary, cashier, or *managing agent* thereof." (Code Civ. Proc., sec. 411, subd. 1.) Notice of appeal is strictly analogous to summons, and performs the same function. It is the process for bringing the adverse party before the

court; and it must be held that service of such notice on a corporation can be made in the same manner as a summons is served.

If it be claimed that though the statute allows service on a *managing agent*, it does not authorize service on the *manager* of a corporation, we answer that "manager" means "managing agent," and can mean nothing else.

Writ denied.

McFARLAND, J., THORNTON, J., and SHARPSTEIN, J., concurred.