## CHARLES W. BAILEY AND HARRY PLUMMER MCCOOL v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 8, 1900.)

1. CRIMINAL ACTION—*Appeal of Defendant—Notice—Service.* An appeal by a defendant in a criminal action is taken by the service of a notice upon the clerk of the court where judgment was entered, stating that the appellant appeals from the judgment, and by serving a similar notice upon the prosecuting attorney.

2. SAME—*When Appeal is Perfected.* An appeal in such case is completed by the filing of a petition in error in the office of the clerk of the supreme court, with a case-made, or duly authenticated transcript of the judgment, and proceedings attached thereto.

3. SAME—*No Summons in Error Required.* No summons in error is authorized or required, and the issuance and service of such summons can serve no proper purpose.

4. SAME—*Record—Notice—Proof of Service—Dismissal.* Where the record in this court fails to show notice and proof of service as required by the criminal procedure act, the cause will be dismissed.

5. APPEAL—*Matter of Right—Statutory Regulation.* An appeal in a criminal cause may be taken as a matter of right, but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the legislative direction must be observed.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*Buckner & Son,* for plaintiffs in error.

*Geo. E. Black, County Attorney* and *H. S. Cunningham, Attorney General,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiffs in error were convicted of the crime of stealing a horse and sentenced to the penitentiary. They have attempted to bring the cause here for review. The only record before this court is a petition in error, to which is attached a very defective and incomplete transcript, with a defective certificate attached to same. On the filing of this record, it appears that a summons in error was issued and served on the county attorney of D county. There is no case in this court which confers jurisdiction to review the errors complained of.

An appeal is a right conferred by the Organic Act, but the manner of perfecting an appeal is a matter of statutory regulation. The Criminal Procedure act makes specific and definite provision for the mode of taking appeals in criminal causes. So far as appears from the record in this cause, no effort has been made to comply with these statutory directions. An appeal by a defendant in a criminal cause is taken by the service of a notice upon the clerk of the court where judgment was entered, stating that the appellant appeals from the judgment, and by the service of a similar notice upon the county attorney. The appeal is completed by filing a petition in error with a case-made, or duly certified transcript of the judgment and proceedings in the cause, attached to such petition in error. In either case the notices served upon the clerk and county attorney, with proof of service, should be filed with the record in this court, or duly authenticated copies filed in lieu thereof. See Sections 5318, 5321, 5322 and 5324, Statutes of 1893.

No summons in error is authorized or required in the appeal of a criminal cause, and it serves no legitimate purpose.

The notice to the clerk of the trial court and to the county attorney are the prerequisite steps to conferring on this court the jurisdiction to hear and determine the particular cause.

If the case were properly here, we could not determine the questions complained of on the transcript presented. It appears that the indictment was found and returned in D county, and the judgment rendered in Canadian county. It is claimed that the district court of Canadian county was without jurisdiction of the cause. In order to determine this question, it would be necessary to have a complete transcript of all the proceedings in both courts. The transcript only purports to give copies of indictment and journal entries in office of clerk of the district court of Canadian county. We regard it as unnecessary to say more in regard to this matter. So far as we are advised, no appeal has ever been taken in this cause. The purported appeal is dismissed at costs of plaintiffs in error.

All of the Justices concurring.