ADOLPHO ARISPI V. TERRITORY.

No. 2188, Okla. T.   Opinion Filed February 22, 1909.

(99 Pac. 1099.)

1.   **APPEAL—Procedure to Perfect.** An appeal in a criminal case is perfected by the filing of a petition in error in the office of the clerk of the Criminal Court of Appeals, together with case-made, or duly authenticated transcript of the judgment and proceedings, attached thereto, together with the notices served upon the clerk of the district court and the prosecuting attorney, or duly authenticated copies in lieu thereof, with proof of the service.

2.   **SAME—Notices Necessary.** An appeal, when taken by the defendant, is perfected by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment, and by the service of a similar notice upon the prosecuting attorney. These notices are the prerequisite steps to conferring upon the appellate court the jurisdiction to hear and determine the appeal.

3.   **SAME.** An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him, but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by law; and, where the record before this court fails to show notice and proof of service, as required by law, the case will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Caddo County.*

Adolpho Arispi was convicted of forgery, and brings error. Dismissed.

*Chas. West,* Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen., for the Territory.

DOYLE, JUDGE.   The plaintiff in error, Adolpho Arispi, was prosecuted by indictment, and was tried and convicted of the criminal offense of uttering and passing a forged instrument. At the April, 1907, term of the district court of Caddo county, Okla. T., the jury returned a verdict of guilty, a motion for a new trial

was overruled, and on May 8, 1907, the court sentenced the defendant to confinement in the territorial prison for the term of two years at hard labor, and adjudged that he pay the costs of prosecution, to all of which exceptions were allowed. Thereupon the court advised the defendant of his right to an appeal, and fixed bail in the sum of $800, and fixed the time of filing the case-made in the Supreme Court to be within 120 days from the date of judgment. On September 6, 1907, there was filed in the Supreme Court of the territory of Oklahoma his petition in error, together with a statement of the pleadings, orders, and judgment in said case, without a transcript of the evidence taken upon the trial. To this was attached a defective certificate of the trial judge. Upon the organization of the state the case was duly transferred to the Supreme Court of Oklahoma, and was there pending when this court was created. It was then duly transferred, as by law provided, by the Supreme Court to this court.

There is nothing in the record before this court showing notice to the county clerk of Caddo county, and notice to the county attorney of said county, that the defendant appeals from the judgment rendered. Section 5610, Wilson's Rev. & Ann. St. 1903, provides as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the territory, a similar notice must be served upon the defendant, if he can be found in the county; if not, then by posting up a notice three weeks in the office of the clerk of the district court."

An appeal may be taken, as a matter of right, by the defendant from any judgment against him, under the provisions of our Criminal Code; but the matter of perfecting an appeal is a matter of statutory regulation. It must be taken in the manner prescribed by law. Sections 5606-5621, art. 16, c. 68 (Procedure—Criminal) Wilson's Rev. & Ann. St. 1903, prescribes specific and

definite rules of practice for taking appeals in criminal cases. So far as appears by the record in this case, there has been a failure to comply with these statutory provisions. In order to give this court jurisdiction, notice, as required by the foregoing provision, must be served upon the clerk of the court and the prosecuting attorney. The proof of service and the notices, or a waiver of the same, should be filed with the record in the appellate court, or, in lieu thereof, there should be filed duly authenticated copies. There is no case in this court upon the record before us, which confers jurisdiction to review the errors set forth in the petition in error.

In the case of *Bailey et al v. Territory of Oklahoma*, 9 Okla. 461, 60 Pac. 117, Chief Justice Burford, expressing the opinion of the court, in part says:

"The notice to the clerk of the trial court and to the county attorney are the prerequisite steps to conferring on this court the jurisdiction to hear and determine the particular cause."

The Attorney General having filed motion to dismiss the appeal for the reasons hereinbefore stated, we are of opinion that the motion to dismiss the appeal should be sustained.

For the reasons stated, the purported appeal is dismissed at the cost of plaintiff in error.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.