### FRED EDWARDS v. STATE.

No. A-282.   Opinion Filed May 28, 1910.

(109 Pac. 256.)

*Appeal from Blaine County Court; C. E. Malcomb, Judge.*

Fred Edwards was convicted of a violation of the prohibition law, and he appeals. Appeal dismissed.

*Baker & Bloss,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Blaine county for the crime of unlawfully selling intoxicating liquor. The judgment was entered on August 10, 1908, and he was sentenced to be confined for a period of 30 days in the county jail and to pay a fine of $50 and costs, from which judgment and sentence an appeal was attempted to be taken by filing in this court on August 7, 1909, a petition in error with case-made attached.

On March 9, 1910, on behalf of the state, there was filed a motion to dismiss the appeal, for the reason that no notices of appeal have been served and filed as provided and required by section 6949, Snyder's St. In response to said motion it is contended:

"First, that the statute does not require any particular way or manner in which such notice should be served or given, and under such circumstances a notice in open court is always treated and considered as fully complying with such statutory requirements; second, that the plaintiff in error, defendant below, gave notice in open ourt, at the time the motions for a new trial and in arrest of judgment were overruled, of appeal, as will more fully

appear from an examination of record and case-made (page 41), and the stipulation of parties filed and of record in this court shows that the county attorney and the clerk of the county court were both present at said time; third, for the further reason that the stipulation of parties filed in this court shows that the notice was given in open court, and that the county attorney and clerk of the county court were both present at said time, and could not be heard to say that they did not both have full knowledge of the fact, and that such notice as so stipulated serves all purposes that a written notice so served upon them could have done, and fully complies with the requirements of the law."

This question has heretofore been passed upon by this court in numerous cases, commencing with *Arispi v. Territory*, 2 Okla., Cr. 79, 99 Pac. 1099, up to the case of *Jake Ensley v. State, infra*, 109 Pac. 250, wherein the authorities are fully reviewed in an opinion by Judge Richardson. The second syllabus is as follows:

"Under section 6949 of Snyder's Comp. Laws, requiring notice of appeal to be served upon the clerk of the court and the prosecuting attorney, a written notice is intended; and oral notice, though given in open court in the presence of those officers, and shown by journal entry, is insufficient."

For the reasons given in the opinion, and upon the authorities cited in that case, the motion to dismiss the appeal must be sustained.

It is therefore ordered that the purported appeal herein be and the same is hereby dismissed, and the case remanded to the county court of Blaine county, with direction to enforce the judgment and sentence.