## JAKE ENSLEY v. STATE.

No. A-456.   Opinion Filed May 28, 1910.

(109 Pac. 250.)

1. **APPEAL—Necessity of Written Notice.** Under section 6949 of Snyder's Comp. Laws, requiring notice of appeal to be served upon the clerk of the court and the prosecuting attorney, actual knowledge on the part of the clerk and the prosecuting attorney, that an appeal is intended does not dispense with the necessity of giving formal notice and making due proof thereof.

2. **SAME.** Under section 6949 of Snyder's Comp. Laws, requiring notice of appeal to be served upon the clerk of the court and the prosecuting attorney, a written notice is intended; and oral notice, though given in open court in the presence of those officers, and shown by journal entry, is insufficient.

3. **NOTICE—Service — Necessity of Written Notice.** Generally, wherever a statute requires notice to be served in a legal proceeding, a written notice capable of legal service, of proof and return, and of being filed, is intended; and especially so where service of such notice and proof thereof are jurisdictional.

4. **SAME.** The word "service," when used with reference to summonses, writs, subpoenas, notices and other legal processes, means the reading of the same to the person to be served, or the delivery to such person of the original or a copy thereof; and the expression, "service of a notice," without qualification of any kind, means a personal service of a written notice.

5. **APPEAL—Service of Notice.** In the county court notice of appeal may be served upon the county judge, or upon the clerk of the county court if there be one; in the district court it must be served upon the district clerk.

6. **SAME—Office of Notice.** The notice of appeal in criminal cases provided for in section 6949 of Snyder's Comp. Laws of Okla., is analogous to a citation or a summons in error, and is designed to take the place thereof.

4. Cr.—4

7. APPEAL—Time of Taking — Change in Procedure. The Act of 1909, (sec. 6948 of Snyder's Comp. Laws of Okla.), requiring appeals in misdemeanor cases to be taken within 60 days from the rendition of judgment, is applicable to an offense committed prior to its passage, where the defendant is not tried until after the act became effective.

8. STATUTES—Repeal—Effect on Procedure. Section 54 of art. 5 of the Constitution of Oklahoma, providing that the repeal of a statute shall not "affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute," has no reference to changes in the law of procedure merely.

9. APPEAL—Notice—Record — Dismissal. Under section 6949 of Snyder's Comp. Laws, notice of appeal and proof thereof given and made within the time prescribed for perfecting an appeal, is jurisdictional in a criminal case; and where the record fails to show the service of such notice, the appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from the County Court of Wagoner County; W. T. Drake, Judge.*

Jake Ensley was convicted of violating the prohibition law, and his punishment was assessed at a fine of $100.00 and imprisonment in the county jail for a term of sixty days. From an order overruling a motion for a new trial and in arrest of judgment, he appeals. Appeal dismissed.

*Robert F. Blair,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. The state has filed a motion to dismiss the appeal herein on the ground that no notice thereof was served by plaintiff in error upon the county attorney and county judge, or in lieu of the county judge upon the clerk of the county court, as required by Section 6949 of Snyder's Comp. Laws of Oklahoma.

To this motion plaintiff in error has filed a response in which he asserts that he did give such notice in open court, in the presence of the county attorney, the county judge and the clerk of the county court, on October 2, 1909, immediately after the court had pronounced sentence upon him. In proof of this our attention is directed to that portion of the case-made containing the journal

entry of the judgment below, which recites that the defendant prays an appeal to the Criminal Court of Appeals, that the same is allowed, and that time is given for making and serving a case-made, the suggestion of amendments thereto, and for settling and signing the same. Also the affidavits of plaintiff in error's attorney, the clerk of the county court, the county judge and the county attorney have been filed in all of which it is stated that at the time sentence was pronounced upon plaintiff in error, his attorney stood up in open court, and, in the presence and hearing of the county attorney, the county judge, and the clerk of the county court, gave oral notice of appeal in behalf of plaintiff in error.

In other words, it is shown on the one hand, and admitted on the other, that oral notice of appeal was given to the proper officers in open court, but that no written notice was served upon any of them. Plaintiff in error contends that such oral notice given in open court is within the letter and spirit of the statute, and is sufficient; and he urges us to review and overrule the former decisions of this court and of the Supreme Court of the Territory of Oklahoma holding that the service of written notices of appeal is necessary.

The statute under consideration reads as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

Counsel for plaintiff in error urges with great zeal and force that, inasmuch as the statute in requiring service of notice of appeal omits the word "written," the word should not be read into the statute; that the sole object of the statutory provision is to have the county attorney and the trial court notified within the time allowed for perfecting the appeal that an appeal has been

or will be taken; that this purpose is fully accomplished by an oral notice given in open court in the presence of those officers, and can be shown in no better way than by a recital of that fact in a proper journal entry; and that when the case-made further shows the allowance of time for making and serving a case-made, the service thereof upon the county attorney within the time prescribed, the county attorney's agreement that it is true and correct and may be settled and signed as such, its proper certification by the judge, the filing of it in his office, and the approval and filing of a supersedeas bond, then it is shown that the county attorney and county judge were as fully apprised of the defendant's intention to appeal as they could possibly have been by any character or number of written notices to that effect; and that anything further is purely ceremonial, and is useless and senseless.

Whether or not the statute in question is wise or useful, or prescribes only a mere idle ceremony, is a question for the determination of the lawmakers and not for the courts. The Legislature is the sole judge of the necessity, wisdom or expediency of any law within its power to enact. It is within its power to regulate the manner of taking appeals, and this statute was designed for that purpose. The only matter left for us to determine then is, what does the statute mean?

Our laws contain positive provisions in regard to the allowance of time for making and serving case-mades. An appeal which involves the consideration of the evidence and the rulings of the trial court upon the admission or rejection of evidence can be taken only by a case-made or by transcript containing a bill of exceptions. The service of the case-made or bill of exceptions, notice of the time and place of settling and signing the same or a waiver thereof, and the signing and settling are by express statutes made indispensable prerequisites to the taking of an appeal for the review of any question except such as may be presented on the record proper. Moreover, if the defendant would prevent the enforcement of the judgment against him pending the appeal, the

statute provides that he must give a supersedeas bond, and cause it to be approved and filed. In addition to these provisions, and separate and apart from them, the statute in express terms requires that notice of appeal must be given. Now, whether that notice may be written or oral, no one can contend that such knowledge of the matter as the judge may obtain from the defendant's request for time to make and serve a case-made, its presentation to him for settling and signing, the filing of it in his court, and from the approving and filing of the supersedeas bond, or such knowledge as the county attorney may receive from the service of the case-made upon him, is *the* notice which the statute contemplates and prescribes. If it were, then section 6949 is entirely superfluous; for the doing of all these other things necessary to an appeal, which imparts to the proper officers knowledge that an appeal is being contemplated, is already provided for by other mandatory sections of the statute. But these sections must be construed together. They are not contradictory or conflicting; and they must be so construed if possible as to give meaning and effect to every word, clause and sentence of each provision. We find that in the great majority of the states the requirements in this respect are practically the same. The case-made or bill of exceptions must be served and it must be settled and signed; yet in nearly all of the states, notwithstanding the judge and prosecuting attorney actually know from these preliminary steps that an appeal is intended, still formal notice of appeal and proof thereof are required in criminal cases. A defendant in error in a civil suit knows by the service of the case-made upon him or his attorney that an appeal is intended, but his actual knowledge of that fact does not dispense with the necessity of service of a citation or summons in error upon him, and a written one at that, unless waived by him.

Now, if the knowledge obtained by these officers from their handling of the case-made preparatory to the appeal does not dispense with formal notice of some kind, if notice either writ-

ten or oral is still required, then all that portion of the argument in regard to the knowledge of the officers obtained from handling the record is without weight and may be left out of view. For if formal notice, either written or oral, is required, actual knowledge does not supply its place.

Then all that is left for plaintiff in error to stand on is the fact that he gave oral notice of appeal to the proper officers, in open court; and here we are brought face to face with the real question in the case, is oral notice sufficient? We think not. It may be laid down as a general proposition, first, that wherever the statute requires notice to be served in a legal proceeding, a written notice capable of legal service, and of proof and return, and capable of being filed, is intended; and especially is that true where service of such notice and proof thereof are matters jurisdictional, as they are in this character of proceedings. *Jenkins v. Wild,* 14 Wend. (N. Y.) 539; *Minard v. Douglass County,* 9 Ore. 206; *Rathbun v. Acker,* 18 Barb. (N. Y.) 393.

In the next place, in our opinion, a close and analytical examination of the section in question shows conclusively that only written notice is contemplated. The statute provides that an appeal is taken by the service of a notice. The word service itself as used with reference to summonses, writs, subpœnas, notices and other legal processes, means the reading of the same to the person to be served, or the delivery to such person of the original or a copy thereof. We are aware that there are times and occasions when the word is otherwise used, but generally stated in legal proceedings when the expression "service of a notice" is used without qualification, it means a personal service of a written notice. In the next place, it will be observed that the statute provides that the appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered. It does not require service upon the judge or upon the court, but only upon the clerk. There being no mandatory provision that the county court shall have a clerk, service either upon the county judge or his clerk, if

he has one, is held good; but under this statute the service of notice upon the district judge or the district court in open court would not be good. The service in the district court must be upon the clerk of the court. In *Baberick v. Magner,* 9 Minn. 217, it is held that the purpose of requiring the notice to be served upon the clerk is that the files may be supplied with some evidence as to the character of the notice given, and that the notice served on the clerk is to be regarded as a file in the case.

The statute further provides that if the appeal be taken by the defendant, "a similar notice must be served upon the prosecuting attorney; if taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the court." Suppose that the appeal be taken by the state, and that the defendant be found in the county; would oral notice to the defendant, miles away from the county seat, be such service of notice upon him as is contemplated by the statute? Or would the state be required to serve a written notice upon him, and have proper proof and due return thereof made?

In the next place, no provision is made in our statute for the issuance or service of citation or summons in error in a criminal case. In our opinion notice of appeal is analogous to such summons in error, and is designed to take the place thereof. It was so held in *Pacific Coast Ry. Co. v. Superior Court,* 79 Cal. 103, 21 Pac. 609. And when such purpose of the notice is considered, we think that the conclusion must inevitably follow that the notice must be in writing, must be served, and that proof of service must be properly made. See *Hunter v. Ter.* (Ariz.) 36 Pac. 175.

The Indiana statute and our statute are identical; and in *McLaughlin v. State,* 66 Ind. 193, where appellant gave notice of appeal in open court and the same was entered upon the journal of the court, the Supreme Court dismissed the appeal, saying:

"The statute provides, that the appeal must be taken within

one year after the judgment is rendered, and the transcript must be filed within thirty days after the appeal is taken. An appeal is taken by the service of a notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. 2 R. S. 1876, p. 411, secs. 151, 152.

"There being no proof of notice to the clerk and the prosecuting attorney, as above required, we have nothing before us to show that an appeal has been taken in the cause.

"It is the notice which constitutes the appeal. *Winsett v. The State,* 54 Ind. 437; Buskirk Practice, 417.

"An appeal in a criminal cause, during term time, by order of the court trying the cause, is not authorized by the statute and does not dispense with the notice provided for in section 152, *supra.*"

And in *Buell v. State,* 69 Ind. 125, the court said:

"In section 152 of the Criminal Code of this state, it is provided that 'An appeal is taken by the service of a notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney.' 2 R. S. 1876, p. 411. In the case at bar, it does not appear that the appellant has served any notice of his intended and attempted appeal upon either 'the clerk of the court where the judgment was rendered,' or 'upon the prosecuting attorney.' It does appear, however, from the record of the cause, that, upon the rendition of the judgment below, the appellant prayed an appeal to this court, and tendered his appeal bond with certain named sureties, which bond was approved. Such mode of appeal to this court, in a criminal cause, is not authorized by any provision of the Criminal Code of this state. In the recent case of *McLaughlin v. The State,* 66 Ind. 193, it was held by this court that an appeal in a criminal cause, during term time, was not authorized by the statute, and though prayed for and granted in open court, such an appeal would not dispense with the notices required in and by said section 152 of the Criminal Code. In other words, it is the statutory notices which constitute the appeal. Buskirk Prac. 417."

See, also, *State v. Rogers,* 71 Iowa, 753, 32 N. W. 7; *Terri-tory v. Hanna,* 5 Mont. 246, 5 Pac. 250; *Bailey v. Ter.,* 9 Okla. 461, 60 Pac. 117; *Arispi v. Ter.,* 2 Okla. Cr. 79, 99 Pac. 1099; *Howard v. State,* 2 Okla. Cr. 642, 103 Pac. 864; *McCullough v. State,* 2 Okla. Cr. 717, 103 Pac. 1071.

It is stated by plaintiff in error that in no decision constru-ing this statute in this jurisdiction has it ever been said that the notice must be in writing; but we find that in *Bailey v. Territory,* 9 Okla. 461, 60 Pac. 117, Judge Burford said, "In either case the notices served upon the clerk and county attorney, with proof of service, should be filed with the record in this court, or duly authenticated copies filed in lieu thereof." And in *Arispi v. Ter-ritory,* 2 Okla. Cr. 79, 99 Pac. 1099, Judge Doyle said, "In order to give this court jurisdiction, notice as required by the foregoing provision must be served upon the clerk of the court and the pros-ecuting attorney. The proof of service and the notices, or a waiver of the same, should be filed with the record in the appel-late court, or in lieu thereof there should be filed duly authenti-cated copies." And we are unable to perceive how an oral notice can be filed, or a duly authenticated copy thereof made.

We think that the construction heretofore placed upon this statute is correct. It has been uniformly followed in this court, and we see no reason why it should be changed now.

In 1909 the Legislature passed an act requiring appeals in misdemeanor cases to be taken within sixty days after rendition of judgment, unless the trial court for good cause shown should grant an extension of time for that purpose, not exceeding sixty days. Sec. 6948, Snyder's Comp. Laws. This act became effec-tive June 11, 1909. Prior to that time a defendant had a year in which to perfect his appeal. The offense of which plaintiff in error was convicted is alleged to have been committed on May 19, 1909; the information was filed on July 17th of that year, trial was had on July 19th; motions for a new trial and in arrest of judgment were filed, and were overruled on October 2, 1909,

on which day the court rendered the judgment appealed from. And it is now contended that inasmuch as the offense was committed, if at all, before this act became effective, plaintiff in error is entitled to a full year in which to appeal, and therefore may yet serve the notices required and thus avoid a dismissal, although the information was not filed, trial had, or judgment rendered until after the act took effect. It is admitted by plaintiff in error that the act in question relates only to the procedure, and is not therefore *ex post facto;* but he insists that the right contended for is preserved to him by section 54 of article 5 of our Constitution, which reads as follows:

"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

Plaintiff in error places his reliance on that portion of the above section relating to "proceedings begun by virtue of such repealed statute." But again we are compelled to disagree with him. No proceeding of any kind had been instituted at the time the act in question became effective. No right to appeal had accrued, because no trial had been had and no judgment had been rendered. No appeal had been "begun." And it would seem to require neither argument nor citation of authorities to show that this prosecution was not a proceeding begun by virtue of the statute, now repealed, granting to a defendant convicted of a misdemeanor a year in which to appeal. What that statute had to do with making criminal the act complained of, we are unable to perceive. This prosecution was begun by virtue of the statute making it an offense to sell intoxicating liquor or to have the same in one's possession with the intent to sell. That was the basis of the action, the statute creating and defining the crime; and that was the statute under and by virtue of which the proceeding was begun and carried on. If, after the prosecution had been instituted, the prohibition law had been repealed, under the constitutional provision quoted the state's right to proceed with the prose-

cution would not have been affected thereby; but the law prescribing the procedure during the trial or any portion thereof, and the manner and time of taking the appeal, is not within either the letter or the spirit of the section quoted.

Lastly, it is urged by plaintiff in error that the motion to dismiss should not be entertained, because the same was not filed by the state until after the time had expired within which plaintiff in error might serve such notice upon the county attorney and the clerk of the county court. A sufficient answer to this contention is the fact that the service of such notice is jurisdictional, and until such service is had and proof thereof has been made and filed in this court, no appeal has in fact been taken, and this court has acquired no jurisdiction of the cause. And that being true, even if no motion to dismiss is ever filed by the state, unless the state enters its appearance, the court is bound to dismiss the appeal for want of jurisdiction. If a plaintiff in error desires this court to review a judgment of conviction against him, the affirmative duty rests upon him to perfect his appeal in the manner and within the time prescribed by law; and the state is no more required to move for a dismissal of an appeal on this ground within the time prescribed by law for perfecting the appeal than is a defendant in a civil suit, on whom no summons has been served, required to move for the dismissal of the plaintiff's petition before the action is barred by the statute of limitations.

The motion to dismiss must be sustained. It is therefore ordered that the purported appeal herein be and the same is hereby dismissed, and that a mandate issue to the County Court of Wagoner County directing said court to enforce its judgment herein.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.