## HENRY HOLMES v. STATE.

No. A-105.    Opinion Filed November 23, 1910.

(111 Pac. 687.)

APPEAL—Necessity of Notice—Dismissal. When no notices of appeal are given as provided by statute, this court is without jurisdiction to consider a case on appeal.

(Syllabus by the Court.)

*Appeal from District Court, Okfuskee County, John Caruthers, Judge.*

Henry Holmes was convicted of assault with a dangerous weapon, and appeals. Dismissed.

*Crossan & Replogle,* for plaintiff in error.

*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE.   The Attorney General files the following motion:

"Comes now Charles West, Attorney General, and moves the court to dismiss the appeal in the above-entitled cause for the reason that the record discloses that no notices of appeal were served upon the district clerk and county attorney as required by section 6949, Compiled Laws of Oklahoma, 1909, Snyder."

Upon a careful examination of the record, we fail to find that notices of appeal were given to the district clerk and county attorney.   In the case of *Arispi v. Territory,* 2 Okla. Cr., at page 80, 99 Pac., at page 1100, Judge Doyle said:

"An appeal may be taken, as a matter of right, by the defendant from any judgment against him, under the provisions of our Criminal Code; but the matter of perfecting an appeal is a matter of statutory regulation.   It must be in the manner prescribed by law.   Sections 5606-5621, art. 16, c. 68 (Procedure-Criminal), Wilson's Rev. & Ann. St. 1903, prescribes specific and definite rules of practice for taking appeals in criminal cases. So far as appears by the record in this case, there has been a failure to comply with these statutory provisions.   In order to give this court jurisdiction, notice, as required by the foregoing provision, must be served upon the clerk of the court and the prosecuting attorney.   The proof of service and the notices, or a waiver of the same, should be filed with the record in the appellate court, or, in lieu thereof, there should be filed duly authenticated copies. There is no case in this court upon the record before us which confers jurisdiction to review the errors set forth in the petition in error.   In the case of *Bailey et al. v. Territory of Oklahoma,* 9 Okla. 461, 60 Pac. 117, Chief Justice Burford, expressing the opinion of the court, in part says: 'The notice to the clerk of the trial court and to the county attorney are the prerequisite steps to conferring on this court the jurisdiction to hear and determine the particular cause.'   The Attorney General having filed motion to dismiss the appeal for the reasons hereinbefore stated, we are of opinion that the motion to dismiss the appeal should be sustained.   For the reasons stated, the purported appeal is dismissed at the cost of plaintiff in error."

In the case of *Ensley v. State, infra,* 109 Pac. 250, Judge Richardson discusses the kind and character of notices of appeal necessary to give this court jurisdiction, and cites practically all the authorities on this subject.

No such notices having been given in this case, we are without jurisdiction to consider it. The appeal is therefore dismissed.

DOYLE and RICHARDSON, JUDGES, concur.