## STATE v. WILLIE RICHARDSON.

No. A-190.  Opinion Filed November 23, 1910.

(111 Pac. 687.)

APPEAL—Appeal by State—Necessity of Notice. When a county attorney desires to appeal a case upon any question reserved by the state, it is necessary that notice of such an appeal be served in the manner required by section 6949, Snyder's Comp. Laws Okla. 1909. If this is not done, the Criminal Court of Appeals will not acquire jurisdiction of the case, and the appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from District Court, Greer County; G. A. Brown, Judge.*

Willie Richardson was prosecuted by information for the offense of rape. The information was quashed, and the state appeals. Dismissed.

*Smith C. Matson,* Assistant Attorney General, for the State.
*Garrett & Stewart,* for defendant in error.

FURMAN, PRESIDING JUDGE. The defendant has filed a motion to dismiss this appeal upon the ground that notices of appeal had not been served upon the defendant and upon the clerk of the court where the judgment was rendered. The Attorney General in answer to said motion has filed the following confession of error:

"Comes now Charles West, Attorney General, and respectfully represents and shows to the court that the appeal in this case was filed in this court on the 27th day of May, 1909; that up to and including the 27th day of May, 1910, no notice of appeal has been served by the county attorney taking this appeal upon the clerk of the trial court, and the defendant, as required by section 6949, Snyder's Compiled Laws of 1909. The service of such notices has been held by your honorable court in the following cases to be absolutely prerequisite to confer jurisdiction upon this court: *Arispi v. Territory,* 2 Okla. Cr. 79, 99 Pac. 1099; *Howard v. State,* 2 Okla. Cr. 642, 103 Pac. 864; *McCullough v.*

*State,* 2 Okla. Cr. 717, 103 Pac. 1071; *Ensley v. State (infra)*, 109 Pac. 250. The Attorney General therefore is compelled to confess that the motion of defendant in error to dismiss this cause for the reason that no notices of appeal have been served is well taken."

The confession of error must be sustained by this court. Section 6949, Snyder's Comp. Laws Okla. 1909, is as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

When a county attorney desires to appeal a case upon any question reserved by the state, it is his duty to see that notice of such appeal is served in the manner required by this section; otherwise this court acquires no jurisdiction of the appeal.

As the record fails to show that such notices were served in this case, the appeal will be dismissed.

DOYLE and RICHARDSON, JUDGES, concur.