BEN CLEMMONS v. STATE.
No. A-354.

WILLIAM REDMOND v. STATE.
Nos. A-355, A-356.

WILL COPPICK v. STATE.
Nos. A-357, A-358.

EVERETT HUTTON v. STATE.
No. A-359.

BILL BUMGARNER v. STATE.
Nos. A-360, A-361.

JOHN PEMBERTON v. STATE.
No. A-362.

Opinion Filed February 6 1911.

(113 Pac. 238.)

1.   APPEAL—Notice—Necessity of Written Notice.  Under section
     6949, Snyder's Comp. Laws 1909. requiring notice of appeal to be
     served upon the clerk of the court and the prosecuting attorney.
     a written notice is intended; and oral notice, though given in
     open court in the presence of those officers, and shown by journal
     entry, is insufficient.

2.   NOTICE—Sufficiency—Statutory Provisions.  Generally, where-
     ever a statute requires notice to be served in a legal proceed-
     ing, a written notice, capable of legal service, of proof and
     return, and of being filed, is intended, and especially so where
     service of such notice and proof thereof are jurisdictional.

3.   PROCESS—"Service"—"Service of a Notice."  The word "ser-
     vice," when used with reference to summonses, writs, subpoenas,
     notices, and other legal processes, means the reading of the same
     to the person to be served, or the delivery to such person of the
     original or a copy thereof; and the expression "service of a no-
     tice." without qualification of any kind, means a personal service
     of a written notice.

4.   APPEAL—Notice of Appeal—Nature.  The notice of  appeal  in
     criminal cases, provided for in section  6949,  Snyder's  Comp.
     Laws Okla., 1909, is analogous to a citation or a summons in er-
     ror, and is designed to take the place thereof.

5.   APPEAL—Dismissal—Failure to Serve Notice of Appeal.  Under
     section 6949, Snyder's Comp. Laws 1909, notice of appeal and

proof thereof, given and made within the time prescribed for perfecting an appeal. is jurisdictional in a criminal case; and, where the record fails to show the service of such notice, the appeal will·be dismissed.

(Syllabus by the Court.)

*Appeals from McIntosh County Court; Frank W. Rushing, Judge.*

Ben Clemmons, William Redmond, two cases, Will Coppick, two cases, Everett Hutton, Bill Bumgarner, two cases, and John Pemberton, were convicted of violating the prohibition law, and they appeal. Dismissed and remanded with directions.

*C. H. Tully,* for plaintiffs in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE. Plaintiffs in error in each of the above entitled and numbered causes were convicted in the county court of McIntosh county for violations of the prohibition law. Appeals were attempted to be taken by filing in each of said causes a petition in error with case-made attached in this court on October 11, 1909. Briefs on behalf of plaintiffs in error were filed in due time. Said causes were assigned for final submission on Monday, January 16, 1911. On behalf of the state the Attorney General, appearing specially for this purpose alone, filed motions to dismiss the appeal in each cause, for the reason that: "No notices of appeal have ever been served and filed as provided and required by section 6949, Snyder's Comp. St. 1909." An examination of the record in each cause shows that the only notice of appeal given is by the following recital in each case-made: "Now comes the defendant herein by his attorney, C. H. Tully, and gives oral notice of his intention to appeal herein." The case-mades show no service of notices of appeal upon either the county attorney, county judge, or clerk of the county court.

The decisions upon this question are many, and this court has uniformly held that, in order to give this court jurisdiction, the notices prescribed by the statute must be served upon the clerk of the court and prosecuting attorney, and proof of service of

such notices must be filed with the clerk of this court within the time in which an appeal may be taken.

The language of the court, speaking through Judge Richardson in the case of *Ensley v. State,* 4 Okla. Cr. 49, 109 Pac. 250, is peculiarly applicable here:

"Then all that is left for plaintiff in error to stand on is the fact that he gave oral notice of appeal to the proper officers in open court; and here we are brought face to face with the real question in the case: Is oral notice sufficient? We think not. It may be laid down as a general proposition, first, that, wherever the statute requires notice to be served in a legal proceeding, a written notice, capable of service, and of proof and return, and capable of being filed, is intended; and especially is that true where service of such notice and proof thereof are matters jurisdictional, as they are in this character of proceeding. *Jenkins v. Wild,* 14 Wend. (N. Y.) 539; *Minard v. Douglas County,* 9 Or. 206; *Rathbun v. Acker,* 18 Barb. (N. Y.) 393.

"In the next place, in our opinion, a close and analytical examination of the section in question shows conclusively that only written notice is contemplated. The statute provides that an appeal is taken by the service of a notice. The word 'service' itself, as used with reference to summonses, writs, subpœnas, notices, and other legal processes, means the reading of the same to the person to be served, or the delivery to such person of the original or a copy thereof. We are aware that there are times and occasions when the word is otherwise used; but, generally stated, in legal proceedings, when the expression 'service of a notice' is used without qualification, it means a personal service of a written notice.

"In the next place, it will be observed that the statute provides that the appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered. It does not require service upon the judge or upon the court, but only upon the clerk. There being no mandatory provision that the county court shall have a clerk, service either upon the county judge or his clerk, if he has one, is held good; but under this statute the service of notice upon the district judge or the district court in open court would not be good. The service in the district court must be upon the clerk of the court. In *Baberick v. Magner,* 9 Minn. 232 (Gil. 217), it is held that the purpose of requiring the notice to be served upon the clerk is that the files may be

supplied with some evidence as to the character of the notice given, and that the notice served on the clerk is to be regarded as a file in the case. The statute further provides that, if the appeal be taken by the defendant, 'a similar notice must be served upon the prosecuting attorney; if taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the court.' Suppose that the appeal be taken by the state, and that the defendant be found in the county; would oral notice to the defendant miles away from the county seat, be such service of notice upon him as is contemplated by the statute? Or would the state be required to serve a written notice upon him, and have proper proof and due return thereof made?

"In the next place, no provision is made in our statute for the issuance or service of citation or summons in error in a criminal case. In our opinion, notice of appeal is analogous to such summons in error, and is designed to take the place thereof. It was so held in *Pacific Coast Ry. Co. v. Superior Court,* 79 Cal. 103, 21 Pac. 609. And, when such purpose of the notice is considered, we think that the conclusion must inevitably follow that the notice must be in writing, must be served, and the proof of service must be properly made. See *Hunter v. Territory* (Ariz.) 36 Pac. 175. The Indiana statute and our statute are identical, and in *McLaughlin v. State,* 66 Ind. 193, where appellant gave notice of appeal in open court and the same was entered upon the journal of the court, the Supreme Court dismissed the appeal, saying: 'The statute provides that the appeal must be taken within one year after the judgment is rendered, and the transcript must be filed within 30 days after the appeal is taken. An appeal is taken by the service of a notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. 2 Rev. St. 1876, p. 411, §§ 151, 152. There being no proof of notice to the clerk and the prosecuting attorney, as above required, we have nothing before us to show that an appeal has been taken in the cause. It is the notice which constitutes the appeal. *Winsett v. State,* 54 Ind. 437; Buskirk, Practice, 417. An appeal in a criminal cause, during term time, by order of the court trying the cause, is not authorized by the statute, and does not dispense with the notice provided for in section 152, *supra.*' And in *Buell*

*v. State,* 69 Ind. 125, the court said: 'In section 152 of the Criminal Code of this state, it is provided that "an appeal is taken by the service of a notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney." 2 Rev. St. 1876, p. 411. In the case at bar, it does not appear that the appellant has served any notice of his intended and attempted appeal upon either "the clerk of the court where the judgment was rendered," or "upon the prosecuting attorney." It does appear, however, from the record of the cause, that upon the rendition of the judgment below the appellant prayed an appeal to this court, and tendered his appeal bond with certain named sureties, which bond was approved. Such mode of appeal to this court, in a criminal cause, is not authorized by any provision of the Criminal Code of this state. In the recent case of *McLaughlin v. State,* 66 Ind. 193, it was held by this court that an appeal in a criminal cause, during term time, was not authorized by the statute, and, though prayed for and granted in open court, such an appeal would not dispense with the notices required in and by said section 152 of the Criminal Code. In other words, it is the statutory notices which constitute the appeal. Buskirk, Prac. 417.' See, also, *State v. Rogers,* 71 Iowa, 753, 32 N. W. 7; *Territory v. Hanna,* 5 Mont. 246, 5 Pac. 250; *Bailey v. Ter.,* 9 Okla. 461, 60 Pac. 117; *Arispi v. Ter.,* 2 Okla. Cr. 79, 99 Pac. 1099; *Howard v. State,* 2 Okla. Cr. 642, 103 Pac. 864; *McCullough v. State,* 2 Okla. Cr. 717, 103 Pac. 1071.

"It is stated by plaintiff in error that in no decision construing this statute in this jurisdiction has it ever been said that the notice must be in writing; but we find that in *Bailey v. Territory,* 9 Okla. 461, 60 Pac. 117, Judge Burford said: 'In either case the notices served upon the clerk and county attorney, with proof of service, should be filed with the record in this court, or duly authenticated copies filed in lieu thereof.' And in *Arispi v. Territory,* 2 Okla. Cr. 79, 99 Pac. 1099, Judge Doyle said: 'In order to give this court jurisdiction, notice as required by the foregoing provision must be served upon the clerk of the court and the prosecuting attorney. The proof of service and the notices, or a waiver of the same, should be filed with the record in the appellate court, or in lieu thereof there should be filed duly authenticated copies.' And we are unable to perceive how an oral notice can be filed or a duly authenticated copy there-

of made. We think that the construction heretofore placed upon this statute is correct. It has been uniformly followed in this court, and we see no reason why it should be changed now."

The motions to dismiss are sustained. Said purported appeals are dismissed, and the cases are remanded to the county court of McIntosh county, with directions to enforce the judgments and sentences rendered therein.

FURMAN, PRESIDING JUDGE, and ARMSTRONG, JUDGE, concur.