## STATE v. WILLIAM E. BROWN.

No. A-587.   Opinion Filed March 21, 1911.

(114 Pac. 340.)

APPEAL—Service of Notice.   When a county attorney desires to appeal a case upon any question reserved by the state, it is necessary that notice of such appeal be served in the manner required by section 6949, Snyder's Comp. Laws Okla. 1909.   If this is not done, the Criminal Court of Appeals will not acquire jurisdiction of the case, and the appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court; Sam Hooker, Judge.*

William E. Brown was prosecuted for wilfully failing to set forth correctly in a letter given a discharged employee the true cause of his discharge.   A demurrer to the information was sustained, and the State appeals.   Dismissed.

*Smith C. Matson,* Asst. Atty. Gen., and *W. D. Cardwell,* for the State.

*Du Mars & Vaught, Giddings & Giddings,* and *Taylor, Pruiett & Sniggs,* for appellee.

PER CURIAM.   On the 3d day of November, 1909, the county court of Oklahoma county sustained a demurrer to the information filed in this cause, wherein the appellee was charged with having violated the law relating to employees of corpora-

tions and contractors, by wilfully and negligently failing to correctly set forth and state in a letter given to a discharged employee the true cause why said employee was discharged from such service. At the time when this judgment was rendered the law required that all appeals in misdemeanors should be perfected within 60 days from date of said judgment, provided that for good cause shown the trial judge might extend such time an additional 60 days. The judge of the lower court did not extend the time within which such appeal might be perfected.

Section 6949, Snyder's Comp. Laws of Okla. 1909, is as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

No notice of appeal was served upon the clerk of the county court of Oklahoma county until the 29th day of March, 1911, which was long after the 60 days had expired for perfecting the appeal. This question has heretofore been passed upon in the case of *State v. Willie Richardson,* 4 Okla. Cr. 373, 111 Pac. 687. In that case the Attorney General confessed error because the statute above quoted had not been complied with. We there held that, when the notices above provided for had not been given in the time required by law, this court acquires no jurisdiction of the appeal in a criminal case.

We therefore have no option except to dismiss this appeal.