RAÚL ASENCIO, Plaintiff and Appellee, *v.* HEIRS OF QUINTÍN RODRÍGUEZ CRUZ, Defendants and Appellants.

No. 7110.   Argued November 4, 1935.—Decided November 6, 1935.

*P. N. Colberg* for appellants.   *R. del Toro Soler* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

The District Court of Mayagüez rendered judgment against the heirs of Quintín Rodríguez Cruz. Feeling aggrieved by that judgment, some members of the succession filed a notice of appeal in the office of the clerk of said district court. The appellee moved for the dismissal of the appeal on the ground that his attorney had not been duly notified. It is urged, among other reasons, that the notice was given by mail and that it is not valid, since the attorneys for both parties resided in the same town, namely, Cabo Rojo. The appellee is correct. This court has heretofore held that where the attorney for the adverse party has his office in the same city in which the attorney for the appellant resides and the service of the notice of appeal from the judgment is made by mail, the dismissal of the appeal lies, because in such circumstances the service should be made personally or in one of

the other modes prescribed by section 320 of the Code of Civil Procedure. In accordance with section 321 of the Code of Civil Procedure, service by mail may be made where the person making the service, and the person on whom it is to be made, reside in different places. This court has construed the phrase "different places" in the sense that it does not include residence in the same town or in the same municipality. *Quintero et al.* v. *Morales,* 19 P.R.R. 1120; *Gascón* v. *Alvarez,* 28 P.R.R. 336; *Marxuach* v. *Acosta et al.,* 35 P.R.R. 582. See also *People* v. *Rubio,* 44 P.R.R. 866.

■■ The attorney for the appellants says that he used the mail to make the service because the appellee refused to sign the notice. There is no legal provision requiring the signing of the notice. In accordance with section 296 of the Code of Civil Procedure, an appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, *and serving a similar notice on the adverse party, or his attorney.* Section 320 of the same code provides that the service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as determined in the first and second subdivisions of said section where personal service cannot be had. The English text uses the words "service of notice" which in Spanish mean *"diligencia de notificación."* The word *"service"* when used with reference to summonses, writs, subpoenas, notices, and other legal processes, means the reading of the same to the person to be served, or the delivery to such person of the original or a copy thereof. *Clemmons* v. *State,* 5 Okl. Cr. A. 119, 113 Pac. 238. Section 296 is clear when it says that the notice of appeal shall be filed with the secretary, serving a similar notice on the adverse party, or his attorney. The appellants have not complied with the requisites prescribed by law nor were they authorized to use the mail in order to make the service because the appellee re-

fused to sign the notice. Far from stating that they had served the attorney for the appellee, the appellants say that they did not make the service because said attorney refused to sign the notice, and this, in our view, is not sufficient.

The appeal taken must be dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this case.