## JACK PATTON v. STATE.

No. A-9202.   Feb. 5, 1937.
(64 Pac. [2d] 1245.)

E. Moore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges in substance that Jack Patton did in Coal county on or about the 3d day of August, 1935, commit the crime of assault with intent to kill by making an assault upon D. F. Manning with a deadly weapon, to wit, a pistol, and did inflict upon the said Manning certain grievous wounds with the felonious intent to kill.

Upon his trial the jury by their verdict found the defendant guilty of assault with intent to kill, fixing his punishment at confinement in the state penitentiary for four years. On February 13, 1936, motion for new trial was filed. An appeal bond was filed which recites:

"The condition of this obligation is such that whereas on the 3rd day of February, 1936 the said Jack Patton, the principal obligor was tried and convicted of the offense of assault with intent to kill and on the 13th day of February, 1936, his motion for new trial in said cause was overruled and judgment and sentence was rendered against him and he was sentenced to serve a term of four years in the state penitentiary at McAlester."

On September 16, 1936, a case-made with petition in error attached was filed in this court.

On December 4, 1936, the Attorney General filed a motion to dismiss this appeal upon the following grounds: That no written notices of appeal were ever served upon the clerk of the court where the judgment sought to be appealed from was entered, nor upon the county attorney of Coal county stating that the defendant appeals from

said judgment of conviction; and that the case-made contains no copy of the judgment from which this appeal is taken.

No response has been made by the defendant to said motion. The record and case-made filed in this court fails to disclose that the defendant, within the time allowed for taking the appeal, served any notice of appeal upon the clerk of the court or county attorney as provided in section 3193, O. S. 1931, prescribing:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

An appeal to this court may be taken by the defendant as a matter of right from any judgment rendered against him; but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by law.

Under the statute, notice to the clerk of the trial court and to the county attorney are the prerequisite steps to conferring on this court jurisdiction to hear and determine an appeal from a judgment in a criminal action. Arispi v. Territory, 2 Okla. Cr. 79, 99 Pac. 1099; Clemmons v. State, 5 Okla. Cr. 119, 113 Pac. 238; Cloyd v. State, 6 Okla. Cr. 530, 119 Pac. 1125; Means v. State, 10 Okla. Cr. 581, 139 Pac. 115; Burgess v. State, 18 Okla. Cr. 574, 197 Pac. 173; Lutke v. State, 37 Okla. Cr. 18, 255 Pac. 719.

Under section 3193, supra, requiring notices of appeal to be served upon the clerk of the court and the

county attorney, written notice is intended; and oral notice, though given in open court in the presence of those officers, and shown by journal entry, is insufficient.

The notice of appeal in criminal cases, provided for in section 3193, is analogous to a citation or a summons in error, and is designed to take the place thereof. Clemmons v. State, supra.

An examination of the record discloses that the case-made contains no copy of the judgment referred to in the petition in error, and does not contain the journal entry of judgment appealed from.

The uniform holding of this court is that where an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of the trial court, this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed. Fowler v. State, 11 Okla. Cr. 157, 143 Pac. 658; Loyd v. State, 12 Okla. Cr. 82, 151 Pac. 1190; Harjoe v. State, 14 Okla. Cr. 187, 169 Pac. 659.

Inasmuch as the case-made does not contain a copy of the judgment of the trial court, we are of the opinion that for this reason also this court is without jurisdiction to consider this appeal.

The case-made contains a copy of the verdict and motion for new trial, but no order appears overruling said motion, except the recital in the bond.

We may remark that an examination of the record shows that the only question presented is the sufficiency of the evidence to support the verdict. There was no objection to the information and no exceptions taken to the instructions given by the court.

The evidence shows that the prosecuting witness, a man in the fifties, and the defendant, a man in the early thirties, lived about a mile apart in the neighborhood about two miles south of Clarita; that about 2 p. m. on the date alleged the complaining witness walking on the highway to Clarita was overtaken by the defendant on horseback, and after a brief conversation the defendant pulled a pistol and shot him, the bullet entering above the left nipple; that Manning falling said, "Don't shoot me any more," and the defendant said, "I intend to kill you," and fired two more shots, one bullet entering the arm and the other entered the back.

As a witness in his own behalf, the defendant testified that when he started to ride on, Manning reached down and picked up a rock, and as he drew back to throw it he shot him to protect himself, and when Manning reached for his hip pocket he thought he was after a gun, so he fired two more shots and rode off; that Manning had made threats against him and he fired the shots in self-defense.

For the reasons assigned, the purported appeal is dismissed.

DAVENPORT, P. J., and BAREFOOT, J., concur.