## JIM THIGPEN v. STATE.

No. A-9442.   Oct. 14, 1938.
(83 P. 2d 585.)

James M. Hays, Jr., of Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Okmulgee county of possession of intoxicating liquor and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50.

A motion has been filed by the Attorney General to dismiss the purported appeal on the ground that no written notice of the intention to appeal was served on the county attorney or the court clerk.

Section 3193, O.S. 1931, 22 Okla. St. Ann. § 1055, is as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

The failure to serve a written notice on the court clerk and county attorney is jurisdictional. Where no notice of intention to appeal is served on the court clerk and county attorney, and where no summons is issued and served on the Attorney General, and no waiver of the issuance and service of summons is shown, this court acquired no jurisdiction of the appeal. Andrews v. State, 5 Okla. Cr. 124, 113 P. 241; Clemmons et al. v. State, 5 Okla. Cr. 119, 113 P. 238; Lutke v. State, 37 Okla. Cr. 18, 255 P. 719; Brown v. State, 55 Okla. Cr. 11, 23 P. 2d 719; Austin v. State, 55 Okla. Cr. 278, 28 P. 2d 1113; Cadwell v. State, 56 Okla. Cr. 369, 40 P. 2d 685; George v. State, 56 Okla. Cr. 370, 40 P. 2d 1117.

It appears from the record that the contention of the Attorney General is well taken, that no written notice was served on the court clerk or county attorney; that no summons was issued and served, and the Attorney General did not waive the issuance and service of a summons; that the motion of the Attorney General should be sustained.

For the reasons stated, the appeal is dismissed.