HELEN THOMISON v. STATE.

No. A-9958. March 11, 1942.

(123 P. 2d 697.)

Chas. G. Ozmun, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Helen Thomison, was charged in the county court of Comanche county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 90 days in the county jail and pay a fine of $250, and has appealed.

From the judgment rendered October 7, 1940, an appeal was attempted by filing in this court on October 24, 1940, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal, which reads as follows:

"Comes Now Mac Q. Williamson, Attorney General, atttorney for defendant in error, and moves the court to dismiss the purported appeal in the above styled and numbered cause of action, for the reason that no notice of appeal was served upon the county attorney or the court clerk of Comanche county, and that no service of summons in error was had upon the Attorney General, or waiver of the same. That the judgment herein was rendered on the 7th day of October, 1940, and that more

than four months have elapsed, and that it is now impossible to serve notice of appeal on the county attorney or court clerk, or serve summons in error on the Attorney General, or obtain waiver of the same, and that the court has no jurisdiction in said cause.

"Wherefore, premises considered, defendant in error moves that said purported appeal be dismissed."

The record discloses that no notice of appeal was served upon the county attorney or the court clerk, and that no summons in error was served on the Attorney General, nor waiver secured.

Under the statute in force at the time of the attempted appeal herein, an appeal was perfected by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment, and by the service of a similar notice upon the prosecuting attorney, or the service of a summons in error upon the Attorney General or a waiver of the same. These notices are the prerequisite steps to conferring upon the appellate court jurisdiction to hear and determine the appeal. Lutke v. State, 37 Okla. Cr. 18, 255 P. 719; Austin v. State, 55 Okla. Cr. 278, 28 P. 2d 1113; Erwin v. State, 63 Okla. Cr. 315, 74 P. 2d 1173; Thigpen v. State, 65 Okla. Cr. 134, 83 P. 2d 585.

The statute governing this procedure is section 3193, O. S. 1931, 22 O. S. A. § 1055, which states:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. * * *"

This statute has since been amended, S. L. 1941, c. 18, tit. 22. This amendment became effective August 21, 1941, and did not affect the validity of the purported

appeal herein which was lodged in this court on October 24, 1940.

For the reasons herein stated, the appeal is dismissed.

BAREFOOT, P. J., and DOYLE, J., concur.