## MONTIE BRITTAIN v. STATE.

No. A-9974.   April 1, 1942.
(124 P. 2d 429.)

Ernest Crabtree and P. B. Garland, both of Ada, and Sam J. Goodwin, of Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Montie Brittain, was charged in the district court of Pontotoc county with the crime of obtaining property by means of a bogus check, jury waived, was tried, convicted and sentenced to serve one year in the State Penitentiary, and has appealed.

From the judgment rendered May 27, 1940, an appeal was attempted by filing in this court on November 20, 1940, a petition in error with case-made.

A motion to dismiss the appeal has been filed by the Attorney General, based upon the grounds that no notice

of appeal was served on the court clerk or the county attorney, and no service of summons was had on the Attorney General, nor waiver of service of summons entered by the Attorney General. No response to the motion to dismiss has been filed.

An examination of the record discloses that the motion to dismiss should be sustained. This question has been before this court numerous times. The most recent case is Thomison v. State, 74 Okla. Cr. 111, 123 P. 2d 697. In that case it was stated:

"Under the statute in force at the time of the attempted appeal herein, an appeal was perfected by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment, and by the service of a similar notice upon the prosecuting attorney, or the service of a summons in error upon the Attorney General or a waiver of the same. These notices are the prerequisite steps to conferring upon the appellate court jurisdiction to hear and determine the appeal. Lutke v. State, 37 Okla. Cr. 18, 255 P. 719; Austin v. State, 55 Okla. Cr. 278, 28 P. 2d 1113; Erwin v. State, 63 Okla. Cr. 315, 74 P. 2d 1173; Thigpen v. State, 65 Okla. Cr. 134, 83 P. 2d 585."

It was further held in that case that the amendment was not retroactive and did not affect the validity of an attempted appeal which was lodged in this court prior to the date the amendment became effective. This amendment became effective 90 days after the adjournment of the Legislature. The statement in Thomison v. State that the amendment became effective on June 4, 1941, is erroneous.

For the reasons herein stated, the appeal is dismissed.

BAREFOOT, P. J., and DOYLE, J., concur.